Dear Mr. Calico:
Our office is in receipt of your letter of August 7, 1995. You have requested an opinion on the following question, which I have summarized as follows:
 May an elected Justice of the Peace in St. Bernard Parish hold employment with the "casino gaming operator" as defined in La. R.S. 4:605(5)? The "casino gaming operator" at the time of this request is Harrah's Jazz Company.
The Louisiana Economic Development and Gaming Corporation Law, La. R.S. 4:601 et seq., specifically La. R.S. 4:661 provides as follows:
 661. Prohibited contracts with official gaming establishment and casino operator; public officers; penalties
 A. No public officer as defined in R.S. 42:1
shall engage in any business activity with a casino gaming operator except as a patron in the official gaming establishment or other premises where authorized gaming activities are conducted.
 B. As used in this Section, business activity shall specifically include but is not limited to contracts:
 (1) For the sale or purchase of goods, merchandise, and services.
 (2) To provide or receive legal services, advertising, public relations, or any other business or personal service.
 (3) For the listing, purchase or sale of immovable property or options or real rights relating thereto.
 (4) Modifying ownership or possessory interests in stocks, bonds, securities, or any financial instruments.
La. R.S. 42:1 defines public officer as any person holding a public office in this state. The statute defines public office as:
 As used in this title, the term "public office" means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
The office of Justice of the Peace is established by La. Const. Art. 5, Sec. 20. The Justice's are elected pursuant to La. R.S. 13:2581 and 2582.
You noted that the casino is in Orleans Parish and the Justice of the Peace in St. Bernard Parish, however, La. R.S. 4:661 makes no exceptions for public officers located in a Parish different from that of the "official gaming establishment."
It is our opinion that the office of Justice of the Peace is a public office. Further, holding employment with the casino gaming operator is business activity as defined by La. R.S. 4:661. Accordingly, it is our opinion that an elected Justice of the Peace may not hold employment with the casino gaming operator as defined in La. R.S. 4:605(5).
Hopefully this satisfactorily addresses your questions. If you are in need of further assistance please feel free to call.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: _______________________________ STEPHEN J. LEDET Assistant Attorney General
SJL:lmb
Date Received:
Date Released:
Stephen J. Ledet Assistant Attorney General